

KML/PJC
F. #2021R01058

May 9, 2022

By Federal Express and ECF

Timothy J. Sini, Esq.
Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753-2728

     Re: *United States v. Perry Frankel*
       Criminal Docket No. 22-180 (JS)

Dear Mr. Sini:

  Enclosed please find the government's initial production of discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The production is composed of one disc bearing Bates numbers DOJ_22-CR-180_000000001 through DOJ_22-CR-180_00025472 and DOJ_22-CR-180_00026122 through DOJ_22-CR-00026505. The materials produced under cover of this letter are deemed confidential pursuant to the protective order entered by the Court on May 6, 2022. The government also requests reciprocal discovery from the defendant.

I.  The Government's Discovery

  A.  The Defendant's Criminal History

    The government is not aware of any criminal history of the defendant.

  B.  Documents and Tangible Objects

  The government has obtained documents and records from multiple third-party sources. Included in the production, and contained within the enclosed hard drive unless otherwise specified, are copies of the following documents:

- financial records for the defendant and others from various financial institutions;

- records from various regulatory agencies, including Medicare claims data and enrollment paperwork;

- claims data related to Medicare Advantage plans and Medicaid Managed plans administered by the Insurers listed in the Indictment;

- travel records for the defendant;

- cellular site data for the defendant; and

- labor records pertaining to employees of Advanced Cardiovascular Diagnostics.

Enclosed with these materials are affidavits and declarations concerning the authenticity of records as business records, pursuant to Federal Rules of Evidence 803(6) and 902(11). The government intends to proffer those records into evidence at trial as self-authenticating. *See United States v. Komasa*, 767 F.3d 151 (2d Cir. 2014).

C.      Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

D.      Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government intends to call a representative from National Government Services (the Medicare Administrative Contractor for New York throughout the time period of the indictment) and representatives from the Insurers listed in the Indictment, which administered the Medicare Advantaged plans and Medicaid Managed Care plans throughout the time of the Indictment. These witnesses are expected to testify about the general structure of the Medicare and Medicaid programs, the work performed by the administrators of these programs, the process for paying Medicare and Medicaid claims, and the policies that determine which claims Medicare and Medicaid will reimburse. Because this testimony would be factual testimony based on the witnesses' personal observations and perceptions, it would not be expert testimony. In abundance of caution, however, the government has included this possible testimony in this notice.

Any anticipated areas of expert testimony, as well as the identity, qualifications, and bases for the conclusions of any anticipated expert, will be provided to you when they become available.

E.     Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. *See Giglio v. United States*, 405 U.S. 150 (1972).

F.     Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. *See* Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"), to the extent the defendant is incarcerated at any point during this litigation. While it is the government's position that BOP

email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals no later than one week after the defendant is incarcerated. To enable this process, the government requests that you send an email to the undersigned Trial Attorney with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
United States Department of Justice

By:     /s/ *Kelly M. Lyons*
        Kelly M. Lyons
        Patrick J. Campbell
        Trial Attorneys
        United States Department of Justice
        Criminal Division, Fraud Section
        (202) 923-6451

Enclosures (by Federal Express only)